# IN THE UNITED STATE DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**UNITED STATES OF AMERICA**

v.                                                 Case # CCB-19-575

**DAVANTE HARRISON**
    Defendant

## Motion to Suppress

NOW COMES, Davante Harrison, Defendant, by and through his attorneys, John E. Cox, Esq. and Natalie A. Finegar, Esq, moves the Honorable Court, pursuant to Fed. R. Crim. Proc. 12 and 41, and the Fourth Amendment to the United States Constitution, to suppress all items seized from a Toyota Camry on November 25, 2019. The grounds for this Motion are as follows:

**Factual Overview**

On November 25, 2019 investigators from the FBI Baltimore Safe Streets Task Force responded to the area of 10310 Gelding Drive in Cockeysville, Maryland. The investigators had a search warrant for the person of Davante Harrison that had been issued by the Honorable Judge Beth Gesner of the United States District Court of Maryland. Investigators were alerted to the address by both location data on a rental vehicle believed to be driven by Mr. Harrison and geo-location pings from a cell phone alleged to belong to Mr. Harrison.

At approximately 1:40pm investigators saw Mr. Harrison exiting 10310 Gelding Drive. Investigators executed the search warrant for Mr. Harrison. Investigators conducted a warrantless search on the Toyota Camry rental vehicle associated with Mr. Harrison. Inside the vehicle,

investigators allege to have recovered 8.5 grams of white powder and 2.1 grams of grayish-brown powder that were analyzed and found to be a mixture of Fentanyl and Heroin. The search warrant for Mr. Harrison was for his person only and did not extend to any vehicles or the Toyota Camry in particular. Investigators allege they received consent from Mr. Harrison for the search of the vehicle. Mr. Harrison denies providing consent to search the vehicle in question.

## .**Argument**

The Fourth Amendment[1] denounces those searches that are "unreasonable." *Florida v. Jimeno*, 500 U.S. 248, 250 (1991); Carroll v. United States, 267 U.S. 132, 147 (1925), including seizures that involve only a brief detention.  See, *United States v. Mendenhall*, 446 U.S. 544, 551 (1980); *United States v. Arvizu*, 534 U.S. 266 (2002); *Ferris v. State*, 355 Md. 356, 369 (1999). Subject to a few exceptions, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable." *Katz v. United States*, 389 U.S. 347 (1967).

"Subject to a few carefully delineated exceptions, warrantless searches are presumptively unreasonable." *Powell v. State*, 139 Md. App. 582, 599 (2001) (*citing Katz v. United States*, 389 U.S. 347, 357 (1967)).  The Court of Special Appeals has explained,

> When the State's investigation, for whatever reason, follows the disfavored warrantless route, on the other hand, the procedural ball ends up in the State's court. The State assumes the burden of overcoming the presumption of invalidity by demonstrating, by however many steps are necessary, that the warrantless search satisfied one of the firmly established exceptions to the warrant requirement.

---

1 The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

In *Trulock v. Freeh,* 275 F.3d 391 (4th Cir. 2001) the Court outlined "(v)alid consent is a well-recognized exception to the Fourth Amendment prohibition against warrantless searches" Consent is not to be inferred lightly, *United States v. Impink,* 728 F.2d 1228, 1232 (9th Cir 1984). Additionally, consent by a defendant can be limited in scope and can be withdrawn, *United States v. Jones,* 356 F.3d 529 (4th Cir. 2004).

In the matter before the Court, the Government does not have a written consent or any actions on the part of Mr. Harrison that would indicate he consented. The Government has not provided any indication of how Mr. Harrison supplied consent. Mr. Harrison denies any inquiry by the investigators seeking permission to search the Toyota Camry. Mr. Harrison was placed under arrest, searched and without any inquiry by the Government, the vehicle was searched.

## Conclusion

WHEREFORE, the Defendant, Davante Harrison, moves this Honorable Court, to suppress all items seized from the Toyota Camry.


Respectfully submitted,
Davante Harrison
By and through counsel


/s/ John E. Cox
John E. Cox
Federal Bar #29852 (MD)

The Law Offices of John Cox, P.A.
217 N. Charles Street, 3rd Floor
Baltimore, MD 21201
JC@Johncoxesq.com
410-385-2020

/s/ Natalie A. Finegar
Natalie A. Finegar
Federal Bar # 20437(MD)
The Law Offices of Natalie A. Finegar, LLC
217 N. Charles Street, 3rd Floor
Baltimore, MD 21201
Natalie@Finegarlaw.com
443-990-1809

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY, that on this 22nd day of June, 2021, a copy of the foregoing Motion to Suppress was electronically filed in this case and was duly served upon counsel of record by operation of the Court's ECF system.

/s/ John E. Cox
John E. Cox