## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. CCB-19-0575 |
| | * | |
| DAVANTE HARRISON, | * | |
| | * | |
| Defendant. | * | |

*******

## RESPONSE IN OPPOSTION TO MOTION TO SUPPRESS

The United States of America, through its attorneys, respectfully submits this Response in Opposition to Defendant Davante Harrison's Motion to Suppress (ECF 63).  In support of its opposition, the government states as follows:

## PROCEDURAL BACKGROUND

On November 26, 2019, Christopher Jerry was charged by Criminal Complaint with Possession with Intent to Distribute 100 grams or more of Heroin and Possession of a Firearm in Furtherance of a Drug Trafficking Crime.  ECF No. 1.  On the same date, Davante Harrison was charged by Criminal Complaint with Possession with Intent to Distribute Heroin and Possession of a Firearm in Furtherance of a Drug Trafficking Crime.  ECF No. 7.  On November 26, 2019, Messrs. Jerry and Harrison had their initial appearances on the Criminal Complaints.  On December 5, 2019, a grand jury in this District returned an indictment charging both individuals with Conspiracy to Distribute Controlled Dangerous Substances, in violation of 21 U.S.C. § 846, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c), and other drug- and firearm-related offenses.  ECF No. 18.

## STATEMENT OF FACTS

In October and November of 2019, the Federal Bureau of Investigation ("FBI") Safe Streets Task Force continued their investigation into the Young Go Getters ("YGG") gang and

narrowed in on the activities of Davante Harrison, also known as "YGG Tay".  Using phone and vehicle location data acquired pursuant to court orders, investigators observed Mr. Harrison travel to various locations related to his drug trafficking.  Early in October, Mr. Harrison was surveilled traveling to 111 W. Heath Street, Baltimore, Maryland and staying there for a short period of time. Mr. Harrison then went to the Rosedale and Golden Ring Park areas in Baltimore County, Maryland, where he made short stops and met with unknown individuals to conduct narcotics transactions.  Investigators observed some of these meetings occur inside the vehicle that Mr. Harrison drove.  After these short stops, Mr. Harrison then traveled to Delaware Park Casino.  Mr. Harrison was observed making similar trips further into October and ten November of 2019. Investigators believed that Mr. Harrison, using 111 W. Heath Street as a stash location for his narcotics, would then meet with drug customers in Rosedale, Maryland, and then travel up to the Delaware Park Casino with his drug proceeds.

On November 22, 2019, United States Magistrate Judge Beth Gesner, United States District Court for the District of Maryland, approved search and seizure warrants for the following three properties, three individuals, and a vehicle, related to this investigation:

> A. 111 W Heath Street, Apartment 513, Baltimore, Maryland 21230;
>
> B. 2107 Kalb Manor Road, Windsor Mill, Maryland 21244;
>
> C. 120 Owings Gate Road, Apartment 301, Owings Mills, Maryland 21117;
>
> D. A bronze 2012 Infiniti truck bearing Maryland registration tag number A336495 and vehicle identification number (VIN) JN8AS1MW4CM153646;
>
> E. Davante Nathaniel HARRISON,
>
> F. Damont Nathaniel BROWN,

G.      Christopher Lee JERRY, Jr.

These warrants were all executed on November 25, 2019.  Mr. Harrison was not found in any of

the locations in the warrants.   Notably, at 111 W. Heath Street, Apartment 513, Baltimore,

Maryland, where co-conspirator Mr. Christopher Jerry was arrested, investigators quickly located

on the couch a Smith and Wesson M&P 9mm pistol, bearing serial number DVT5823, loaded with

16 rounds including one in the chamber.  Additionally, investigators located a Beretta .25 caliber

pistol, bearing serial number B54043 and loaded with 5 rounds, in a kitchen drawer next to the

refrigerator.   After further search of the apartment, investigators located the following in the

kitchen:

   a.    A plastic Mannitol container containing a mixture of fentanyl and heroin weighing
         approximately 488 grams;
   b.    Several clear plastic bags containing cocaine weighing a total of approximately 40
         grams;
   c.    A clear plastic bag containing a mixture of heroin and fentanyl weighing
         approximately 51 grams;
   d.    A clear plastic bag containing cocaine base weighing approximately 28.1 grams;
   e.    A sifter, two mixing bowls, a pestle, and Christopher Jerry's credit card with white
         powder residue; and
   f.    A plastic bag containing a mixture of fentanyl weighing approximately 90 grams.

Additionally, investigators recovered a money counter that was located at the top of the steps that

led to the roof deck.

Although they had not found Mr. Harrison in the locations at which they executed search

warrants, investigators knew that Mr. Harrison's cellphone was in the vicinity of 10310 Gelding

Drive in Cockeysville, Maryland.  They commenced surveillance in the parking lot of that address,

and they observed a rental vehicle they knew Mr. Harrison was using.  At approximately 1:40

p.m., Mr. Harrison exited the building and was detained without incident.  Investigators then

searched Mr. Harrison pursuant to the search warrant.  At the time of the search, Mr. Harrison was

wearing a Dolce and Gabbana fanny pack.   From that fanny pack, investigators recovered

$9,277.00 in cash and a Glock 23 .40 caliber pistol, bearing serial number WKE393, loaded with an extended magazine containing 17 rounds including one in the chamber. The $9,277 were proceeds of Mr. Harrison's drug trafficking activity.

Upon arrest, investigators issued *Miranda* warnings. Post-*Miranda*, Mr. Harrison made various statements, including comments about the investigators' firearms as compared to one of his own.

At that time, and post-*Miranda* warnings, Mr. Harrison also consented to a search of his rental vehicle. The vehicle was rented in the name of "Deanna Haney," who was Mr. Harrison's girlfriend and a resident of 2107 Kalb Manor Road—Mr. Harrison's residence and a location searched earlier by investigative team. Inside the vehicle's center console, investigators located a clear cellophane bag containing 3.2 grams of a mixture of 4-ANPP (4-anilino-N-phenethyl-4-piperidine),[1] heroin, and fentanyl and another clear cellophane bag containing approximately 8 grams of a mixture of 4-ANPP and fentanyl. The two bags of fentanyl mixture recovered from the center console of Mr. Harrison's vehicle was possessed with the intent to distribute it.

It is this consent to search Mr. Harrison's vehicle that he contests in his Motion to Suppress.

## ARGUMENT

The United States respectfully requests that the Court find the challenged search in compliance with the Fourth Amendment and, as a result, deny the Motion to Suppress. The government anticipates that the evidence at the hearing on the Motion will show Mr. Harrison

---

[1] 4-ANPP has been identified as a metabolite used in the preparation of fentanyl. *See United States v. Benjamin*, 958 F.3d 1124, 1129 n.1 (11th Cir. 2020); *United States v. Jones*, 420 F. Supp. 3d 242, 248 (S.D.N.Y. 2019). It is a Schedule II controlled substance. *See* Lists of Scheduling Actions, Controlled Substances, Regulated Chemicals, Drug Enforcement Administration, https://www.deadiversion.usdoj.gov/schedules/orangebook/orangebook.pdf (June 2021) (last accessed July 2, 2021).

consented to investigators' search of the rental vehicle, and that there was no rescission or qualification of such consent.

There are a few well-recognized exceptions to the Fourth Amendment's general warrant requirement. One such exception is consent. *See Trulock v. Freeh*, 275 F.3d 391, 401 (4th Cir. 2001). Where, as here, a defendant challenges the existence of consent to search, the court consider the totality of the circumstances and determine whether consent was present, knowing, and voluntary. *See, e.g.*, *United States v. Mendenhall*, 446 U.S. 544, 557 (1980). Factors relevant to this determination include the defendant's characteristics, such as age, maturity, education, intelligence, and experience; and the conditions under which consent was given. *United States v. Lattimore*, 87 F.3d 647, 651 (4th Cir. 1996) (citations omitted). Such conditions include officer conduct; time, place, and duration of the encounter; the number of officers present; any show of force; "friendly conversation" or small talk; and the issuance of *Miranda* warnings. *Id.*; *United States v. Boone*, 245 F.3d 352, 363 (4th Cir. 2001). The government must prove knowing and voluntary consent by a preponderance of evidence. *Mendenhall*, 446 U.S. at 557.

The government anticipates testimony will establish that investigators obtained knowing and voluntary consent after executing a search and seizure warrant on Mr. Harrison's person. Specifically, the evidence will show that, investigators identified Mr. Harrison's use of the rental car—the Toyota Camry—before recovering a firearm and drug trafficking proceeds from his person. Then, post-*Miranda* advisements, Mr. Harrison made a number of statements and consented to the search of the vehicle. These searches occurred just after 1:30 in the afternoon on November 19, 2019.

Based on the totality of these and other facts, the government will meet its burden of proving consent by a preponderance of the evidence. Courts have long recognized that voluntary

consent may be given when an individual is in custody or otherwise detained. *United States v. Watson*, 423 U.S. 411, 424 (1976); *see United States v. Stinson*, 468 F. App'x 285, 291 (4th Cir. 2012). Voluntariness is supported by the fact that the search occurred "during the middle of the afternoon, and was not of inordinate duration." *Lattimore*, 87 F.3d at 651; *see also Stinson*, 468 F. App'x at 290 (search occurred "in a public place, in the early evening, with other people around, including an ex-girlfriend who observed the entire encounter"). Knowledge and voluntariness also find support in Mr. Harrison's characteristics: he is a twenty-five-year-old with prior law enforcement encounters—including one resulting in a criminal conviction—and thus is not a "newcomer to the law." *Lattimore*, 87 F.3d at 651 (quoting *Watson*, 423 U.S. at 424-25). The implications of consent were obvious and known, given the existence of the search warrant, the items recovered from Mr. Harrison's person, and the *Miranda* advisements. *See United States v. Tyson*, 360 F. Supp. 2d 798 (E.D. Va. 2005) (noting defendant was "well aware of the purpose of the search" after agents disclosed existence of drug investigation). The absence of threat of force favors valid consent, and the lack of written consent does not defeat it. *Lattimore*, 87 F.3d at 651.

Absent subsequent recission, the general consent to search, provided knowingly and voluntarily, permitted investigators to search the vehicle, including the center console containing approximately eleven grams of a 4-ANPP and fentanyl mixture. *See United States v. Ortiz*, 669 F.3d 439, 445 (4th Cir. 2012) (citation omitted) ("a search that falls within the scope of that consent is constitutionally permissible"); *United States v. Jones*, 356 F.3d 529, 533-34 (4th Cir. 2004) (discussing permissible scope of search upon unqualified consent). The items seized from the rental car are admissible in trial. *See United States v. Jackson*, 468 F. App'x 447, 456-57 (6th Cir. 2012) (citing *Florida v. Jimeno*, 500 U.S. 248, 251-52 (1991)) (finding that a search of the center console was within scope of consent to search vehicle relevant to drug trafficking investigation).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the

Defendant's Motion to Suppress.

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney

By:      _____/s/_____
Christine Goo
Charles Austin
Assistant United States Attorneys
36 South Charles St., 4th Floor
Baltimore, Maryland 21201
Tel.: (410) 209-4800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of July 2021, a copy of the foregoing Response

was electronically filed with notice to all counsel of record.

_____/s/_____
Charles Austin
Assistant United States Attorney